ALBERT H. FLINT, Respondent, *v.* CLARENCE W. NUTT, Appellant, Impleaded with LAWRENCE P. MATTINGLY and Another, Defendants.

First Department, May 6, 1927.

**Injunctions — injunction cannot be granted in action against defendants, individually, restraining receiver of partnership, one of partners, from distributing assets and restraining other partner from receiving assets — injunction should have been denied as matter of discretion.**

In an action brought against defendants, individually, it was improper to grant an injunction restraining one of the defendants from disposing of partnership assets which he held as receiver, and the other defendant from receiving the same in distribution. Such relief could be had only in an action in which the receiver was appointed or in an action brought specifically for that purpose.

It was improper to enjoin the defendant from receiving the property in distribution, since, in fact, it would be the same as enjoining the receiver from distributing the partnership assets. Furthermore, the injunction should have been denied as a matter of discretion.

APPEAL by the defendant, Clarence W. Nutt, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of August, 1926, granting a temporary injunction and directing the issues of fact and law to be heard and determined by the referee named.

*Leo T. Kissam* of counsel [*Eleanor F. Hamilton* with him on the brief], for the appellant.

*James F. Donnelly* of counsel, for the respondent.

PER CURIAM. The provision of the order appointing a referee to hear and determine was clearly improper. Counsel for respondent, both in his points and on the argument, practically so concedes. He seeks, however, to sustain that part of the order which enjoins the defendant Lawrence P. Mattingly from disposing of assets which he holds as receiver in the partnership accounting action between himself as plaintiff and the defendant Clarence W. Nutt as defendant therein and which enjoins the defendant Nutt herein from receiving any of such assets. We are of opinion that no part of the order was proper. The defendant Mattingly is not sued as receiver, but in his individual capacity only. It was improper, therefore, to enjoin him in his representative capacity. Such relief could be had only in the action in which he was appointed and acting as receiver, or in an action brought specifically for such purpose.

The order in so far as it enjoins the defendant Nutt was also

improper. Its effect is to enjoin him in the partnership action from receiving any distribution from the receiver therein. To permit the provision enjoining the defendant Nutt to stand would be tantamount to enjoining the defendant Mattingly as receiver from making distribution. Moreover, we are further of opinion that the injunction should have been denied as a matter of discretion.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.